[PHILADELPHIA, APRIL 16, 1835.]

## ALLEN and MARTIN, *against* MYERS and others.

### IN ERROR.

Upon an application by a party collaterally interested, to open a judgment confessed, the cause was by agreement referred to an auditor voluntarily chosen by the parties, to report the amount due the plaintiffs. The auditor made a report, upon which the court rendered a judgment. *Held*, that such a judgment was not the subject of a writ of error.

THIS was a writ of error to the District Court, for the city and county of Philadelphia.

*Martin* and *Allen* being about to sue out a mechanic's claim for work done, an amicable *scire facias*, with a confession of judgment, for the sum of one thousand three hundred and thirty dollars and fourteen cents, was entered on the 13th of October, 1831, signed by *Myers, Hoover* and *Mackway*, the defendants.

On the 15th October, 1831, on motion of Mr. *Miles*, for certain lien creditors, the court below granted a rule on the plaintiffs, to show cause why the judgment should not be opened, and the lien creditors be permitted to take defence.

On the 21st of April, 1832, during the hearing of the rule by agreement of counsel, the claim was referred to an auditor, named by them to report the amount due upon the claim filed. He reduced the amount of the plaintiffs' claim to the sum of nine hundred and thirty-five dollars and thirty-two cents.

It appeared from the report of the auditor, that *Myers*, the defendant, in the spring or summer of 1830, commenced the erection of a building, designed for a place of worship, and that the plaintiffs who were plasterers by trade, did work at the same, by plastering the whole of the outside, and a considerable part of the inside, until the undertaking was stopped by the insolvency of *Myers*. For this work, the plaintiffs claimed the sum of one thousand three hundred and thirty-seven dollars and thirty-six cents, consisting of the following items, viz:

| | |
|---|---:|
| Amount of work per measurement, | $1,3018 4 |
| Hauling sixty-four loads, | 16 00 |
| Half of measurement bill, | 19 52 |
| | $1,337 36 |

Two witnesses produced by the plaintiffs, testified that they had measured the work, and that the measurement bill returned by them was correct, and the amount stated at the lowest cash price, according to their book of rates. On the part of the other lien creditors

(Allen and Martin *v.* Myers and others.)

it was contended that the plaintiffs had contracted with *Myers*, to do the whole work at a price considerably less than the amount claimed for a part performance; as to which, however the testimony was not explicit; and that supposing no contract was in fact made, yet the sum claimed, was excessive and unreasonable.   Upon this point, five witnesses were examined, besides the measurers.   From the estimates furnished by these witnesses, the auditor rejected the rates fixed by the society of plasterers, on the basis of which the measurement bill was made out, and reduced the plaintiffs' claim to the sum of nine hundred and thirty-five dollars and thirty-two cents.

On the 2d July, 1832, a rule was obtained by the plaintiffs, to show cause why the report of the auditor should not be set aside, and an issue granted to the plaintiffs.

The court however dismissed the exceptions to the report, and it was accordingly confirmed.   Whereupon, the plaintiffs brought this writ of error, and assigned the following errors:

1. The court below erred in refusing the plaintiffs the benefit of an issue.

2. The court erred in confirming the auditor's report:—

1. Because the auditor did not state the evidence in his report, as it was given to him by the witnesses.

2. The auditor erred in rejecting the testimony of the measurers' bill, supported by their oaths, it being the best and only and usual evidence resorted to, when there is no contract between the parties, to ascertain the extent and value of the work done.

3. The auditor erred in not allowing the plaintiffs for putting up and taking down the scaffolding, which added to the sum allowed by him, would have made the whole amount claimed by plaintiffs.

4. The auditor erred in allowing evidence of estimates to be given, not as to the value of the work done, and the extent of it, but of other work never performed.

5. The auditor erred in reducing the plaintiffs' judgment; it having been proved to have been founded on the express directions of the party to the contract, and upon his acknowledgment of record of its correctness and justice.

6. The auditor erred in allowing any evidence to be given, to impeach the amount of the plaintiffs' judgment, after a failure to prove a specific contract, there being no fraud imputed to plaintiffs.

7. The auditor erred in allowing the lien creditors to impeach the amount of the plaintiffs' judgment upon record, inasmuch as they had no right in law to do so, except upon the ground of fraud—and there was no allegation of fraud.

8. The auditor erred in law, and in fact.

9. The court below erred in law and fact.

*Jack* for the plaintiffs in error, contended,—

(Allen and Martin *v.* Myers' and others.)

1. That the court erred in refusing the plaintiffs the benefit of an issue, and cited act of 16th of April, 1827, sec. 2, *Haly & Troubat's Digest*, 41, 42, and was proceeding in his argument, when—

*Miles* for the defendants in error, suggested that this judgment was not the subject of a writ of error. That in the court below, the parties had voluntarily withdrawn the cause from the court, and nothing upon the face of the record or otherwise, of fraud or corruption in the auditor, was hinted. If it were, it could not be entertained in error; it was a fact to be alleged in the court below. *Wilson* v. *Commonwealth*, 3 *Penn. Rep.* 531. *Andrews* v. *Lee, Ib.* 199. *Cahill* v. *Benn*, 6 *Binn.* 59. *Galbraith* v. *Colt*, 4 *Yeates*, 551.

*Jack*, contra, cited, *Kline* v. *Guthert*, 2 *Penn. Rep.* 396. *Bellas* v. *Levy*, 2 *Rawle*, 21. *Gratz* v. *Phillips*, 14 *Serg. & Rawle*, 151.

PER CURIAM.—The parties here withdrew the case from the action of the court below, and voluntarily submitted it to an auditor chosen by themselves, who was " to report the amount due upon the claim filed," which was the subject-matter in dispute. By the submission, he was not even to report the facts, and even if he had, unless the parties had agreed by the submission, that such report should be a subject of error, or that the same should be taken as a special verdict or case stated, this writ of error would not be sustainable. *Wilson* v. *Commonwealth*, 3 *Penn. Rep.* 532.

Judgment affirmed.